**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4795**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OTIS SUTTON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:12-cr-00013-MOC-DCK-6)

———————

Submitted: April 28, 2014          Decided: May 13, 2014

———————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Sutton appeals the 219-month sentence imposed by the district court after he pled guilty to robbery by force or violence, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). On appeal, Sutton's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by denying Sutton's motion at sentencing that he was entitled to a lower mandatory minimum sentence because his first plea agreement with the Government erroneously stated the mandatory minimum sentence for the firearm offense. Counsel suggests that the magistrate judge erred by calling attention to this error and prompting a reformation of the plea agreement with the correct mandatory minimum sentence. Sutton has filed a pro se brief, arguing that his sentence is procedurally unreasonable. We affirm.

Sutton asserts that the magistrate judge impermissibly participated in plea negotiations by highlighting the error in the first plea agreement. Sutton did not raise this argument below. Thus, our review is for plain error. United States v. Bradley, 455 F.3d 453, 461 (4th Cir. 2006); see Henderson v.

_United States_, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard).

Rule 11(c)(1) of the Federal Rules of Criminal Procedure forbids judicial participation in plea negotiations. The primary purpose of Rule 11(c)(1) is to "guard[] against the high and unacceptable risk of coercing a defendant to enter into an involuntary guilty plea." _Bradley_, 455 F.3d at 460 (internal quotation marks omitted). Here, Sutton had already decided to plead guilty when the magistrate judge pointed out the error in the mandatory minimum term disclosed by the plea agreement. Moreover, at the plea hearing, the magistrate judge informed Sutton of the seven-year mandatory minimum sentence he faced, as reflected in the revised plea agreement, and Sutton stated that he understood. The magistrate judge did not "promot[e] a guilty plea []or a trial," _United States v. Burnside_, 588 F.3d 511, 522 (7th Cir. 2009) (holding that district court did not impermissibly participate in plea negotiations where court informed defendant of applicable mandatory minimum in absence of substantial assistance motion), and therefore did not participate in plea negotiations. Thus, this claim fails.

Sutton next contends that his sentence is procedurally unreasonable because the evidence contradicted the loss amount the district court attributed to him. We review a sentence for reasonableness, applying an abuse of discretion standard. _Gall_

3

v. United States, 552 U.S. 38, 51 (2007). "[S]entencing courts . . . make factual findings concerning sentencing factors . . . by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009). We have thoroughly reviewed the transcript of Sutton's sentencing hearing and conclude that the loss amount attributed to Sutton was supported by a preponderance of the evidence. See United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (internal quotation marks omitted).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sutton, in writing, of the right to petition the Supreme Court of the United States for further review. If Sutton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sutton. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED